1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JERREL WILLIAMS,                          No.  2:19-CV-2611-DMC-P

12              Plaintiff,

13        v.                                   ORDER

14   DIRECTOR OF CORRECTIONS, et al.,

15              Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18   U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 8.

19          The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                              1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7  ## I.  PLAINTIFF'S ALLEGATIONS

8  Plaintiff names the following as defendants in the first amended complaint: (1)

9  Wong, primary health care provider at Mule Creek State Prison; (2) Cates, the Director of the

10  California Department of Corrections and Rehabilitation (CDCR); and (3) Lizarraga, the former

11  warden of Mule Creek State Prison.  See ECF No. 8, pgs. 1, 2.

12  According to Plaintiff, he submitted a "medical sick call form" to be seen by

13  prison medical staff to address Plaintiff's "medical issues."  Id. at 5.  Plaintiff states he submitted

14  the form and was seen by medical staff in November 2018.  See id.  Plaintiff alleges he was told

15  by Defendant Wong, a prison doctor, to "just deal with it and go back to your cell."  Id.  In

16  February 2019 Plaintiff was seen again for abdominal pain incident to a flare-up of sickle cell.

17  See id.  Plaintiff was provided milk of magnesia and a stool softener.  See id.  Plaintiff claims no

18  testing was performed.  See id.  According to Plaintiff, on February 21, 2019, he woke up in

19  excruciating pain and began vomiting.  See id.  Plaintiff states that he was taken to an outside

20  hospital where he fell into a month-long coma.  See id.

21  Plaintiff alleges that Defendant Cates, as the Director of the CDCR is responsible

22  for the overall operations of the prisons.  See id. at 3.  Plaintiff states that he has suffered "staff

23  deliberate indifference" to his medical needs.  See id.  Plaintiff further alleges that Defendant

24  Lizarraga, as the warden of Mule Creek State Prison is responsible for the conduct of staff at that

25  institution.  See id. at 4.  Plaintiff repeats his assertion that he suffered "staff's deliberate

26  indifference" to his medical needs and contends Defendant Lizarraga is responsible as a

27  supervisor.  See id.

28  / / /

2

## II. DISCUSSION

The Court finds that Plaintiff has stated sufficient facts to proceed with an Eighth Amendment medical care claim against Defendant Wong.  Plaintiff has not, however, stated sufficient facts to proceed against the supervisory defendants, Cates and Lizarraga.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

Here, Plaintiff has not alleged any specific participation on the part of Defendants Cates or Lizarraga.  Nor has Plaintiff alleged that either defendant implemented a policy which itself is the cause of a constitutional violation.  Plaintiff will be provided an opportunity to amend as to Cates and Lizarraga.

/ / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court is directed to update the docket to terminate "Director of Corrections" and "Warden" as defendants and to add Cates and Lizarraga as defendants; and

2.      Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  August 4, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4